```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

DANIEL W. BUELTERMAN,              )
         Petitioner,               )
                                   )
         v.                        )    C.A. No. 09-10888-MLW
                                   )
THOMAS M. HODGSON,                 )
         Respondent.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 26, 2010

On May 28, 2009, pro se petitioner Daniel Buelterman, an inmate at the Bristol County House of Correction, filed a petition for habeas corpus under 28 U.S.C. §2254, challenging his June 30, 2005, Massachusetts state court conviction for two counts of indecent assault and battery on a child under fourteen years of age. On December 18, 2009, respondent Thomas M. Hodgson filed a motion for judgment on the pleadings, arguing that the petition should be dismissed because: (1) the petition is time-barred; and, in the alternative, (2) the petition contains both exhausted and non-exhausted claims, and petitioner's exhausted claims fail because they concern state law issues that are not cognizable on habeas review. Ultimately, because the petition was filed outside the applicable statute of limitations, the respondent's motion for judgment on the pleadings is being allowed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), imposed a one-year statute of limitations on the filing of petitions under 28 U.S.C. §2254. See

1

28 U.S.C. §2244(d).[1] The one-year statute of limitations runs from the date on which the petitioner's state court conviction became final. See id. §2244(d)(1).[2] A state court conviction becomes final for purposes of §2244(d) when the Supreme Court denies

---

[1] The statute provides, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

[2] In three limited circumstances, the one-year statute of limitations begins to run at a later date: (1) if a state-created impediment improperly prevented the earlier filing of the petition; (2) if the petition is based on a new, retroactive rule of constitutional law; or (3) if the petition is based on a newly discovered factual predicate. See 28 U.S.C. §2244(d)(B)-(D). None of these limited exceptions are applicable in this case.

2

certiorari of the state court's final affirmation of a petitioner's conviction or, if the petitioner does not seek certiorari, upon the expiration of the ninety-day period during which a petition for certiorari might have been timely filed. See Clay v. United States, 537 U.S. 522, 525-26 (2003); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (stating that petitioner's state court conviction "became final when the ninety-day period for seeking certiorari expired").

In this case, the Massachusetts Appeals Court affirmed the petitioner's conviction on May 3, 2007. See Commonwealth v. Buelterman, 68 Mass. App. Ct. 829, 829 (2007). The Supreme Judicial Court of Massachusetts denied the petitioner's request for further appellate review on June 29, 2007. See Commonwealth v. Buelterman, 449 Mass. 1106 (2007). Allowing ninety days in which the petitioner could have filed a petition for a writ of certiorari in the Supreme Court, his conviction became final on September 27, 2007. See 28 U.S.C. §2244(d)(1)(A). Accordingly, the petitioner had until September 26, 2008, to bring a habeas corpus petition. See 28 U.S.C. §2244; Currie v. Matesanz, 281 F.3d 261, 262 (1st Cir. 2002).

However, petitioner did not file the instant petition until May 28, 2009, more than eight months (244 days) after the statute of limitations had expired. Because the petition was filed outside the limitations period, it is untimely and must be denied. See 28

U.S.C. §2244(d)(1)(A); see also Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2002) (dismissing habeas petition as time-barred when filed one day after the expiration of the statute of limitations). This is so because petitioner has not demonstrated that he is entitled to any equitable tolling of the statute of limitations period. See Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (explaining that petitioner "bears the burden of establishing a basis for equitable tolling").

While the Supreme Court has not definitively held that equitable tolling applies to the habeas statute of limitations, it has assumed that, if it does, such relief is only applicable if the petitioner demonstrates that (1) he has pursued his rights diligently and (2) that an extraordinary circumstance prevented him from timely filing the petition. Lawrence v. Florida, 549 U.S. 327, 336 (2007). The First Circuit has recognized these principles and identified several other factors for courts to consider in determining whether to grant equitable tolling in a given case. Trapp, 479 F.3d at 61; see also Drew v. Superintendent, MCI-Shirley, 607 F. Supp. 2d 277, 283 (D. Mass. 2009). Ultimately, however, "[i]n the habeas context in particular, courts must take care 'to avoid upsetting the strong concern for finality embodied in []§2254.'" Trapp, 479 F.3d at 59 (quoting Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001)). Accordingly, "equitable tolling 'is the exception rather than the rule; resort to its

prophylaxis is deemed justified only in extraordinary circumstances.'" Id. at 59 (quoting Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (citation omitted)).  In this case, petitioner has not alleged that any extraordinary circumstance prevented him from filing his petition on time and, therefore, his belated petition must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."  Determining whether a COA should issue where the petition is dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "[B]oth showings [must] be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has determined that the instant petition is time-barred. No reasonable jurist can find this conclusion to be debatable. Therefore, a COA is not being granted.

Because the court has denied a COA, Buelterman may seek a COA from the court of appeals. See §2255 Rule 11(a).

In view of the foregoing, the respondent's motion for judgment on the pleadings is being allowed. Because the petition is time-barred, there is no need to discuss respondent's arguments regarding exhaustion. See, e.g., Pagen v. Spencer, C.A. No. 07-105440RGS, 2008 WL 7679916, at *3-4 (D. Mass. Dec. 3, 2008)

(recommending dismissal of habeas petition because it was time-barred and, that being a sufficient basis for dismissal, declining to address respondent's arguments regarding exhaustion and procedural bars). In addition, because the petition must be dismissed, the petitioner's pending motions are moot.

Accordingly, it is hereby ORDERED that:

1.  Respondent's Motion for Judgment on the Pleadings (Docket No. 18) is ALLOWED and the Petition for a Writ of Habeas Corpus (Docket No. 1) is DISMISSED.

2.  Petitioner's Motion to Remedy Deprivation of Rights (Docket No. 12) and Motion to Reschedule Hearing (Docket No. 20) are MOOT.

/s/ Mark L. Wolf  
UNITED STATES DISTRICT JUDGE